UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERITON LAVAR CURRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-23-262-J |
| | ) |
| WARDEN GOLDEY, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Petitioner, a federal prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2241 seeking (1) habeas relief from a federal criminal conviction (Ground One), (2) money damages for unconstitutional conditions of confinement (Grounds Two and Three), and (3) habeas relief based on sentence miscalculations (Ground Four). (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C).

Judge Mitchell has issued a Report and Recommendation recommending that Grounds One, Two, and Three be dismissed because (1) Petitioner has already challenged his federal conviction in a 28 U.S.C. § 2255 proceeding and § 2241's savings clause does not apply, and (2) a § 2241 Petition is an improper avenue for asserting unconstitutional conditions of confinement claims. However, she concluded that Petitioner should be allowed to proceed with his sentence calculation claims in Ground Four. (Rep. & Rec.) [Doc. No. 18]. Petitioner objected (Petr.'s Obj.) [Doc. No. 21], triggering de novo review.

**I.    Background**

In 2016, Petitioner was convicted in the United States District Court for the Western District of North Carolina of conspiracy to commit a Hobbs Act robbery. In 2019, Petitioner

unsuccessfully challenged that conviction in a § 2255 petition. Thereafter, he filed three § 2241 petitions in other district courts, all of which were denied on grounds that his claims did not satisfy § 2241's savings clause. *See* Rep. & Rec. at 2-3.[1]

## II.     Analysis

On de novo review, the Court ADOPTS Judge Mitchell's Report and Recommendation.

### A.     Petitioner's Challenge to his Federal Conviction

In Ground One, Petitioner argues that his federal conviction is invalid because he is "actual[ly] innocent" of both the crime and the sentencing enhancements. Pet. at 6. Thus, his Petition is properly construed as seeking relief under § 2255. *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (holding that a § 2241 petition differs from a § 2255 petition in that the former is "generally reserved for complaints about the nature of a prisoner's confinement, not the fact of his confinement."). However, because Petitioner previously challenged his conviction via § 2255, the present Petition is subject to dismissal as an unauthorized second or successive petition. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).

Section 2241 does include a "savings clause" that applies in "extremely limited circumstances" and is available "only when an adequate or effective means for testing a § 2255 petition [is] genuinely absent." *Prost*, 636 F.3d at 584-85. But that clause does not apply here because Petitioner's arguments challenge the legality of his detention and could have been (and generally were) raised in a § 2255 motion. *See id.* ("The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241.").

---

[1] Judge Mitchell provided a complete legal history. Petitioner does not challenge that narrative.

In his objection, Petitioner relies on Supreme Court case law, issued after his conviction and § 2255 petition, that allegedly invalidates his conviction. If this case law applies "a new rule of constitutional law," Petitioner has an avenue for relief because he may request permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 petition. 28 U.S.C. § 2255(h). However, if the case law simply provides a "more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved," it does not support reliance on § 2241's savings clause. *Jones v. Hendrix*, 599 U.S. 465, 470 (2023). Under either circumstance, Petitioner's Ground One challenging the validity of his conviction is not properly before this Court. Accordingly, the Court ADOPTS Judge Mitchell's recommendation and DISMISSES Ground One without prejudice.[2]

### B. Petitioner's Conditions of Confinement Claims

The Court also agrees with Judge Mitchell's assessment of Petitioner's conditions of confinement claims in Grounds Two and Three. Because, as Petitioner concedes, the Court cannot grant him monetary relief, it cannot simply address his conditions of confinement claims in the abstract. *See Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015) (holding what when it is "impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case, rather than issue an advisory opinion"); *see also Ezell v. Crow*, No. CIV-20-226-G, 2023 WL 9956937, at *3 (W.D. Okla. Nov. 30, 2023) (finding that the Court could not address petitioner's § 2241 allegations simply to "'establish on the record' that he was wronged" because "the result of any such hearing would be advisory only because, even if Petitioner prevailed, this Court could not provide him any further relief"), *adopted*, 2024 WL 917595 (W.D. Okla. Mar. 4,

---

[2] Judge Mitchell recommended dismissal with prejudice; however, as Petitioner could still seek leave to file a second and successive § 2255 petition, the Court dismisses the claim without prejudice.

2024), *appeal dismissed*, No. 24-6085, 2024 WL 4751235 (10th Cir. June 4, 2024).  As such, Petitioner's conditions of confinement claims in Grounds Two and Three must be raised in a civil suit.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("It is well-settled that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits[.]").  These claims are DISMISSED without prejudice.

### III.     Petitioner's Pending Motions to Supplement

Petitioner has three pending motions to supplement.  First, Petitioner moved to supplement his § 2241 Petition to add allegations that he had been retaliated against for the filing, including having been transferred to disciplinary segregation without due process.  [Doc. No. 8].  Then Petitioner moved to supplement again, generally re-urging his allegation that he was retaliated against for filing the § 2241 Petition and explaining that he received a false incident report and "lost 54 days good time" without due process.  [Doc. No. 17].  Petitioner also claimed that officials are intentionally interfering with his mail.  *See id.*  Finally, Petitioner filed a third motion to supplement, again complaining about mail tampering, lost good time credits, his sentence calculations (involving the RDAP program), and prison transfer decisions.  [Doc. No. 20].

These motions [Doc. Nos. 8, 17, 20] are GRANTED IN PART.  That is, Petitioner may supplement his § 2241 Petition to include, or further explain, his allegations involving his sentencing administration, loss of good time credits, due process violations, etc.  However, Petitioner should not include *any* claims involving his conditions of confinement.  Petitioner's deadline for supplementation is July 30, 2025.

**IV.**     <u>**Conclusion**</u>

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objection de novo, the Court agrees with Judge Mitchell's well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 18] and DISMISSES Grounds One, Two, and Three without prejudice.

This matter remains referred to Judge Mitchell.

IT IS SO ORDERED this 30th day of June, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE