UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERITON LAVAR CURRY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-25-114-J |
| WARDEN GOLDEY, | ) ) ) |
| Respondent. | ) ) |

**ORDER**

Petitioner, a federal prisoner appearing pro se, filed a Petition pursuant to 28 U.S.C. § 2241 seeking (1) habeas relief from a federal criminal conviction (Ground One), (2) money damages for unconstitutional conditions of confinement (Grounds Two and Three), and (3) habeas relief based on sentence miscalculations (Ground Four). (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell issued her first Report and Recommendation recommending that Grounds One, Two, and Three be dismissed and on de novo review, the Court adopted that recommendation. [Doc. No. 22]. The Court then re-referred the matter to Judge Mitchell for consideration of Ground Four.

Judge Mitchell has now issued a second Report and Recommendation finding that Petitioner has been transferred to Colorado, depriving this Court of jurisdiction over his custodian. However, she recommends that the Court dismiss the habeas petition rather than transfer it to that district. (Rep. & Rec.) [Doc. No. 28]. According to Judge Mitchell, dismissal is warranted as

Petitioner has failed to exhaust his administrative remedies on Ground Four. *See id.* at 5-6. Petitioner has objected [Doc. No. 30][1] triggering de novo review.

I. **<u>Analysis</u>**

On de novo review, the Court ADOPTS Judge Mitchell's finding that this Court lacks jurisdiction over Petitioner's new custodian but with one modification: the Court will transfer rather than dismiss the Petition.

When Petitioner filed the instant action, he was housed at FCI El Reno, which is within the judicial district for the Western District of Oklahoma. *See* Pet. at 1. However, he has since been transferred to FCI Florence Low in Florence, Colorado. [Doc. No. 27, Ex. 1]. The Court retains

---

[1] In his current objection, Petitioner expends significant energy focused on alleged violations related to retaliation, his disciplinary proceedings, related segregation confinement, etc. [Doc. No. 30]. But these discussions are irrelevant. When the Court adopted Judge Mitchell's first Report and Recommendation, it noted that Petitioner had three pending motions to supplement. The Court wrote:

> First, Petitioner moved to supplement his § 2241 Petition to add allegations that he had been retaliated against for the filing, including having been transferred to disciplinary segregation without due process. [Doc. No. 8]. Then Petitioner moved to supplement again, generally re-urging his allegation that he was retaliated against for filing the § 2241 Petition and explaining that he received a false incident report and "lost 54 days good time" without due process. [Doc. No. 17]. Petitioner also claimed that officials are intentionally interfering with his mail. *See id.* Finally, Petitioner filed a third motion to supplement, again complaining about mail tampering, lost good time credits, his sentence calculations (involving the RDAP program), and prison transfer decisions. [Doc. No. 20].
>
> These motions [Doc. Nos. 8, 17, 20] are GRANTED IN PART. That is, Petitioner may supplement his § 2241 Petition to include, or further explain, his allegations involving his sentencing administration, loss of good time credits, due process violations, etc. However, Petitioner should not include any claims involving his conditions of confinement. Petitioner's deadline for supplementation is July 30, 2025.

[Doc. No. 22 at 4].

Petitioner never filed the supplementation.

2

jurisdiction over the Petition because "jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). However, courts are "limited to granting habeas relief within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (citation omitted). Thus, Petitioner's transfer to Colorado deprived the Court of power to grant him the habeas relief he seeks. *See id.*; *see also Larry v. Zook*, No. CIV-25-543-PRW, 2025 WL 3041889, at *1 (W.D. Okla. July 3, 2025) (finding the court lacked the authority to grant habeas relief after petitioner's transfer as it no longer had jurisdiction over petitioner's custodian), *adopted*, 2025 WL 3039612 (W.D. Okla. Oct. 30, 2025).

Under such circumstances, the Court may dismiss the Petition or transfer it to the district of confinement. Although Judge Mitchell recommended dismissal, the Court finds that transfer would be in the interest of justice. Judge Mitchell concluded that Petitioner's claims were unexhausted, but he alleges officials interfered with exhaustion efforts. *See* Pet. at 8 (stating he was unable to exhaust because officials "are not processing the administrative remedies on Petitioner's behalf" (cleaned up)) & Ex. 1 (alleging officials retaliated against him for filing "administrative remedies") & [Doc. No. 30 at 9];[2] *see also Frederick v. Hamilton*, No. CIV-24-837-R, 2025 WL 3002053, at *3 (W.D. Okla. Sept. 30, 2025) (finding petitioner stated a valid claim that officials thwarted his efforts to exhaust his § 2241 petition and declining to dismiss for nonexhaustion), *adopted*, 2025 WL 2997883 (W.D. Okla. Oct. 24, 2025). Transfer to another district may allow Petitioner an opportunity to cure any exhaustion deficiencies, particularly as he is no longer at the facility he alleges interfered with the process. Moreover, should Petitioner

---

[2] Judge Mitchell found Petitioner's allegation of futility in the Petition conclusory. *See* Rep. & Rec. at 6. She did not address Petitioner's continued complaints of interference or retaliation to determine whether they made exhaustion futile.

3

overcome the exhaustion defense, the district court in Colorado would have jurisdiction to order any relief that might be available.

## II.     Conclusion

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objection de novo, the Court ADOPTS Judge Mitchell's recommendation [Doc. No. 28] as MODIFIED.  This matter is TRANSFERRED to the United States District Court for the District of Colorado.

IT IS SO ORDERED this 9th day of December, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE